UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:24-cv-80499-RLR

JTC SKYWAVE INVESTMENTS LTD.,
and HARALD McPIKE

    Plaintiffs,

v.

ANDREW N. MART, DEANNA BOIES,
LUMINESCENCE LLC, LUMINESCENCE
LLC, and LUMINASTRA LLC,

    Defendants.
_____/

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS**

TABLE OF CONTENTS

Table of Authorities ................................................................................................................. iii

Preliminary Statement ............................................................................................................... 1

Argument .................................................................................................................................. 2

    I.     Applicable Law. ........................................................................................................... 2

    II.    Application. .................................................................................................................. 3

        A.    The Motion to Dismiss for *Forum Non Conveniens* Is Not Sufficient Grounds for a Stay. ................................................................... 3

            1.    The Motion to Dismiss for *Forum Non Conveniens* is Not Meritorious. ................................................................ 3

            2.    Even if the Court were to Dismiss for *Forum Non Conveniens*, the Case Will Continue and Discovery Will Merely Be Delayed. ................................................................ 5

        B.    The Motion to Dismiss for Lack of Personal Jurisdiction Is Not Sufficient Grounds for a Stay. ............................................................. 6

            1.    The Motion to Dismiss for Lack of Personal Jurisdiction Is Not Meritorious. ..................................................... 6

            2.    If the Court Grants the Motion to Dismiss for Lack of Personal Jurisdiction, the Case Will Continue and Discovery Will Merely Be Delayed. ................................................................ 6

        C.    The Motion to Dismiss for Failure to State a Claim Is Not Sufficient Grounds for a Stay. .................................................................. 7

            1.    The Motion to Dismiss for Failure to State a Claim Is Not Meritorious. ...................................................................... 7

            2.    If the Court Grants the Motion to Dismiss for Failure to State a Claim, Plaintiffs Should be Granted Leave to Replead. ................................................................. 8

        D.    Plaintiffs Will Be Prejudiced By Delay. ..................................................... 9

Conclusion ............................................................................................................................... 10

## **Table of Authorities**

**CASES**

*Cafe, Gelato & Panini LLC v. Simon Prop. Grp.. L.P.*
    No. 20-60981-CIV-CANNON/Hunt, 2021 U.S. Dist. LEXIS 97272, at *17-18, 2021 WL
    2037798 (S.D. Fla. May 21, 2021) ................................................................................... 3

*Chudasama v. Mazda Motor Corp.*
    123 F.3d 1353 (11th Cir. 1997) ........................................................................................ 2

*Clinton v. Jones*
    520 U.S. 681, 706 (1997) ................................................................................................. 2

*Feldman v. Flood*
    176 F.R.D. 651, 652 (M.D. Fla. 1997) ................................................................. 2, 3, 5, 7

*Flecha v. Neighbors Moving Servs.*
    944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) .................................................................. 2

*Fresh Results, LLC v. ASF Holland, B.V.*
    921 F.3d 1043, 1048 (11th Cir. 2019) ............................................................................. 3

*Fruitstone v. Spartan Race Inc.*
    464 F. Supp. 3d 1268, 1282-83 (S.D. Fla. 2020) ............................................................ 4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
    564 U.S. 915, 924 (2011) ................................................................................................. 6

*In re W. Caribbean Crew Members*
    632 F. Supp. 2d 1193, 1204 (S.D. Fla. 2009) .................................................................. 5

*Leon v. Million Air, Inc.*
    251 F.3d 1305, 1310-11 (11th Cir. 2001) ........................................................................ 4

*McFadden v. Ins. Supermarket Inc.*
    No. 1:23-cv-23957-KMM, 2024 U.S. Dist. LEXIS 97617, at *5 (S.D. Fla. Jan. 19, 2024)
    .................................................................................................................................... 2, 3

*Miller's Ale House, Inc. v. DCCM Rest. Grp.*, LLC
    No. 6:15-cv-1109-Orl-22TBS, 2015 WL 6123984, 2015 U.S. Dist. LEXIS 141119, at *6
    (M.D. Fla. Oct. 16, 2015) ................................................................................................. 9

*Organizacion Miss Am. Latina v. Ramirez Urquidi*
    712 F. App'x 945, 948 (11th Cir. 2017) .......................................................................... 7

*Pearson v. Deutsche Bank AG*
    No. 21-cv-22437, 2022 U.S. Dist. LEXIS 57846, at *13-14, 2022 WL 951316 (S.D. Fla.
    Mar. 29, 2022) .................................................................................................................. 8

*Posner v. Essex Ins. Co.*
    178 F.3d 1209, 1215 (11th Cir. 1999) ............................................................................. 6

*Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*
    No. 19-cv-61422-BLOOM/Valle, 2019 WL 6052408, 2019 U.S. Dist. LEXIS 198055, at

*4, 2019 WL 6052408 (S.D. Fla. Nov. 15, 2019) .......................................................... 7

*Ray v. Spirit Airlines, Inc.*
No. 12-61528-CIV, 2012 U.S. Dist. LEXIS 160948, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) ............................................................................................................... 2

*Regions Bank v. Kaplan*
2014 U.S. Dist. Lexis 138538, 2014 WL 5088889, *6 (M.D. Fl. 2015) ........................... 8

*Ritter v. Metropolitan Cas. Ins. Co.*
No. 4:19-CV-10105-KMM, 2019 U.S. Dist. LEXIS 227839, 2019 WL 8014511, at *4 (S.D. Fla. Decl. 3, 2019) ................................................................................................. 4

*Rossi v. Darden*
2016 U.S. Dist. Lexis 195751, * 29, 2016 WL 11501449, *8 (S.D. Fl. 2016) .................. 8

*Rubinstein v. Keshet Inter Vivos Tr.*
No. 17-61019-Civ-WILLIAMS/Torres, 2018 WL 3730868, 2018 U.S. Dist. LEXIS 230831, at *10 (S.D. Fla. Apr. 27, 2018) ...................................................................... 8

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*
549 U.S. 422, 430 (2007) ................................................................................................. 3

*Solyom v. World Wide Child Care Corp.*
2015 U.S. Dist. Lexis 144051, 2015 WL 6167411, *2 (S.D. Fl. 2015) ............................ 8

*Sun Tr. Bank v. Sun Int'l Hotels, Ltd.*
184 F. Supp. 2d 1246, 1264 (S.D. Fla. 2001) .................................................................. 4

*Tazoe v. Airbus S.A.S.*
631 F.3d 1321, 1330 (11th Cir. 2011) .............................................................................. 3

*Turner v. Costa Crociere S.P.A.*
No. 1:20-cv-21481, 2020 U.S. Dist. LEXIS 252802, 2020 WL 9071486, at *4, (S.D. Fla. Aug. 23, 2020) ........................................................................................................ 2, 5

*United States ex rel. Heater v. Holy Cross Hosp., Inc.*
510 F. Supp. 2d 1027, 1033 (S.D. Fla. 2007) .................................................................. 8

*United States ex rel. Mosley v. Walgreen Co.*
No. 18-cv-80200-BLOOM/Torres, 2024 U.S. Dist. LEXIS 72426, at *13, 2024 WL 1717322 (S.D. Fla. Apr. 18, 2024) ......................................................................... 3, 6, 8

*Wagner v. First Horizon Pharm. Corp.*
464 F.3d 1273, 1280 (11th Cir. 2006) .............................................................................. 8

*Ward v. Kerzner Int'l Hotels, Ltd.*
No. 03-23087-CIV-JORDAN, 2005 U.S. Dist. Lexis 11081, *10 (S.D. Fl. Mar. 30, 2005) ................................................................................................................................ 4

*Wilson v. Island Seas Invs., Ltd.*
590 F.3d 1264, 1270 (11th Cir. 2009) .............................................................................. 4

*Zaid v. Diamonds Int'l of Fla., Inc.*
No. 21-cv-22926-BLOOM/Otazo-Reyes, 2021 WL 4865275, 2021 U.S. Dist. LEXIS 200662, at *4 (S.D. Fla. Oct. 19, 2021) ........................................................................... 2

**RULES**

Fed. R. Civ. P. 15(a)(2) ............................................................................................................. 8

**Preliminary Statement**

Plaintiffs JTC Skywave Investments Ltd. and Harald McPike ("Plaintiffs") respectfully submit this opposition to Defendants'[1] motion to stay discovery ("Motion to Stay," and in citations "MTS," ECF No. 24) pending resolution of Defendants' Motion to Dismiss. ("Motion to Dismiss," and in citations "MTD," ECF No. 18.).

The Complaint alleges that Mart, with the assistance of Boies, and using the defendant entities, fraudulently induced Plaintiffs into making payments that, Mart claimed, were an investment in an entity that directly or indirectly owned subsidiaries in the U.S., Caribbean, and Europe. Mart's representations turned out not to be true.

Defendants have moved to dismiss on three grounds: (i) *forum non conveniens*; (ii) lack of personal jurisdiction; or, in the alternative, (iii) failure to state a claim. Plaintiffs opposed the Motion. ["MTD Opp.", ECF No. 25.] Defendants now seek a stay of discovery.

The Motion to Stay should be denied primarily because, as shown below, a "preliminary peek" at the merits of the Motion to Dismiss shows that it is unlikely to succeed. In any event, even if Defendants were to prevail, the Motion to Dismiss would not be case dispositive. On their two primary arguments for dismissal (*forum non conveniens* and personal jurisdiction), Plaintiffs would, if the Motion to Dismiss were granted, proceed on the claims in another jurisdiction. The parties, therefore, will not have wasted resources in commencing discovery now and, if the stay is granted, will have wasted time in delaying discovery that will be relevant wherever this case is heard. With respect to Defendants' third argument for dismissal, failure to state a claim, Defendants' Motion to Dismiss likely would not be case dispositive because, under the circumstances, Plaintiffs are likely to be granted leave to replead.

Moreover, Plaintiffs will be prejudiced by any delay. As explained in Plaintiffs' Opposition to the Motion to Dismiss and below, since service of the Summons and Complaint, Defendants have systematically shuttered the Defendant entities as well as other entities that they maintained in Florida and have attempted to sever their ties to this jurisdiction. Their actions bespeak a willingness to use any delay to their tactical advantage and to prejudice Plaintiffs.

For these reasons, Plaintiffs respectfully request that the Motion to Stay be denied.

---

[1] "Defendants" are Andrew N. Mart ("Mart"), Deanna Boies ("Boies"), Luminescence LLC, a Florida limited liability company ("Luminescence (FL)"), Luminescence LLC, an Illinois limited liability company ("Luminescence (IL)"), and Luminastra LLC.

1

**Argument**

I.      **Applicable Law.**

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Nevertheless, motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). The burden is on the moving party to show the "necessity, appropriateness, and reasonableness" of a stay. *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 U.S. Dist. LEXIS 160948, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012).

Defendants rely upon *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) for the proposition that discovery should be stayed merely because they filed a potentially dispositive motion to dismiss. [MTS, pp. 3-4.] That misstates the law. Courts in this District have widely rejected Defendants' over-expansive reading of *Chudasama*, repeatedly reaffirming that a stay of discovery is unusual, and reserved for exceptional cases. *See McFadden v. Ins. Supermarket Inc.*, No. 1:23-cv-23957-KMM, 2024 U.S. Dist. LEXIS 97617, at *5 (S.D. Fla. Jan. 19, 2024) (collecting cases for the proposition that "*Chudasama* does not compel the Court to stay discovery pending a motion to dismiss."); *Or Zaid v. Diamonds Int'l of Fla., Inc.*, No. 21-cv-22926-BLOOM/Otazo-Reyes, 2021 WL 4865275, 2021 U.S. Dist. LEXIS 200662, at *4 (S.D. Fla. Oct. 19, 2021) (same). Instead, *Chudasama* presented "exceptional circumstances," *McFadden* at *5, *Or Zaid* at *5; and the general rule in this District is that motions to stay discovery are generally disfavored. *McFadden* at *5; *Or Zaid* at *4; *Flecha v. Neighbors Moving Servs.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) ("Motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district.").

"For a stay to be warranted, the moving party must show that (1) they will be prejudiced, (2) the pending motion is clearly meritorious and case dispositive, and (3) any prejudice to the non-moving party is outweighed by the possibility the motion will be dispositive." *McFadden,* at *4-5 (quoting *Turner v. Costa Crociere S.P.A.*, No. 1:20-cv-21481, 2020 U.S. Dist. LEXIS 252802, 2020 WL 9071486, at *4, (S.D. Fla. Aug. 23, 2020)).

With respect to the first factor, courts in this District frequently note that disputes concerning the scope or burdens of discovery can be adequately addressed through normal

2

discovery dispute mechanisms, rather than by a blanket stay of all discovery. *See McFadden* at *6 (denying motion for stay, and directing that, "[i]f either Party has an issue with the scope or burden of discovery requested by the other side, they may direct that dispute" to the Magistrate Judge); *Cafe, Gelato & Panini LLC v. Simon Prop. Grp.. L.P.*, No. 20-60981-CIV-CANNON/Hunt, 2021 U.S. Dist. LEXIS 97272, at *17-18, 2021 WL 2037798 (S.D. Fla. May 21, 2021) (denying motion to stay, explaining that "the Court is unpersuaded by Defendants' argument that an order granting a stay of discovery is warranted due to the burden that will be incurred in responding to Plaintiffs' discovery requests. Defendants may present such arguments, as appropriate, to Magistrate Judge Hunt for resolution according to his discovery procedures and the Federal Rules of Civil Procedure.").

With respect to the second factor, "[w]hile it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. *See also United States ex rel. Mosley v. Walgreen Co., No.* 18-cv-80200-BLOOM/Torres, 2024 U.S. Dist. LEXIS 72426, at *13, 2024 WL 1717322 (S.D. Fla. Apr. 18, 2024) (taking "preliminary peek" and denying motion to stay because "the Court cannot say at this stage that it is a 'sure winner' warranting a stay of discovery at this stage.").

**II.     Application.**

    **A.     The Motion to Dismiss for *Forum Non Conveniens* Is Not Sufficient Grounds for a Stay.**

        **1.     The Motion to Dismiss for *Forum Non Conveniens* is Not Meritorious.**

A "preliminary peek," *Feldman*, 176 F.R.D. at 652, at the merits of Defendants' Motion to Dismiss for *forum non conveniens* shows that Defendants are not likely to carry their "heavy burden in opposing the plaintiff's chosen forum." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007).

To prevail on their Motion to Dismiss for *forum non conveniens*, Defendants must show that "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.'" *Fresh Results, LLC v. ASF Holland, B.V.*, 921 F.3d 1043, 1048 (11th Cir. 2019) (quoting *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011)

3

(quoting *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1310-11 (11th Cir. 2001)). Defendants' Motion to Dismiss has not made that showing.

*First*, Defendants' *forum non conveniens* argument is based on the contention that this District is an inconvenient forum [MTD at 8], even though the proper consideration is whether the is an inconvenient forum. [MTD Opp. at 4, citing *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1270 (11th Cir. 2009).] Defendants' Motion to Dismiss for *forum non conveniens* thus is unlikely to succeed because it is based on an incorrect legal premise.

*Second*, the private interest factors weigh against dismissal. As described in Plaintiffs' Opposition to the Motion to Dismiss, this case is between parties who can just as easily litigate here as in the Bahamas. Mart admits that it "it is as convenient for [him] to travel to the Bahamas … as it is for him to travel to Florida." [MTD at 8.] Moreover, Courts in this District have held that it is not inconvenient for witnesses to travel to South Florida from the Bahamas. *See Sun Tr. Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1264 (S.D. Fla. 2001) ("Defendant has not established that it would be particularly inconvenient or costly to transport these witnesses [from the Bahamas]. Indeed, such a contention would be difficult to sustain in light of Paradise Island's proximity to South Florida, and the ease and frequency of travel between the two locations."); *Ward v. Kerzner Int'l Hotels, Ltd.*, No. 03-23087-CIV-JORDAN, 2005 U.S. Dist. Lexis 11081, *10 (S.D. Fl. Mar. 30, 2005) (same).

Other evidence, including documentary evidence from the parties, can be obtained at least as easily here as it can in the Bahamas. *See Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1282-83 (S.D. Fla. 2020) (collecting cases, and finding physical location of documents "virtually irrelevant"); *Ritter v. Metropolitan Cas. Ins. Co.*, No. 4:19-CV-10105-KMM, 2019 U.S. Dist. LEXIS 227839, 2019 WL 8014511, at *4 (S.D. Fla. Decl. 3, 2019) ("In most cases today, including this one, technological advancements have rendered the physical location of documents and other types of proof virtually irrelevant.").

*Third*, the public interest factors weigh against dismissal on the ground of *forum non conveniens*. Defendants are unlikely to prevail on these factors because they make the same error of law as with the private interest factors: that the relevant forum is Florida. [MTD at 9.] It is not. The relevant forum is the United States as a whole. Defendants admit that they are "five U.S. citizens" [MTS, p. 2], and that all of the money at issue was directed to a bank in the United States. [*See* MTD Opp., p. 5.] The United States therefore has an interest in this litigation

4

because the case alleges that these "five U.S. citizens" engaged in fraud emanating, at least in part, from the U.S., and with all of the proceeds directed here.

With respect to the alleged choice of Nevis law, the Plaintiffs are not signatories to any agreement that requires the application of Nevis law, and Defendants have made no showing that Nevis law differs meaningfully from the law that this Court routinely applies in common law fraud cases. When, as here, there is no evidence that there would be a conflict of laws, this factor does not weigh in favor of dismissal for *forum non conveniens*. *See In re W. Caribbean Crew Members*, 632 F. Supp. 2d 1193, 1204 (S.D. Fla. 2009) ("it is unclear at this juncture whether there will be any actual conflict between Colombian law and United States law on the issues of liability and damages necessitating a choice of law analysis.").

For these reasons, Defendants have not shown that their Motion to Dismiss for *forum non conveniens* is "clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53.

## 2. Even if the Court were to Dismiss for *Forum Non Conveniens*, the Case Will Continue and Discovery Will Merely Be Delayed.

In any event, even if the Court were to grant dismissal for *forum non conveniens*, the case would not come to an end. "Defendants have stipulated to the jurisdiction of Nevis and Bahamian courts, have agreed to be bound by a judgment in either Nevis or the Bahamas, and they have stipulated that a timely refiled case will relate back to the filing of this case for statute of limitations purposes." [MTS at 6-7.]  As a result, if the Court grants the Motion to Dismiss on that basis, this case will continue, albeit in a different court.

Thus, granting a stay would delay discovery that will be necessary if the case is refiled elsewhere. Courts in this District, therefore, have held that a stay of discovery pending a motion to dismiss based on *forum non conveniens* is not appropriate. *See Turner*, 2020 U.S. Dist. LEXIS 252802, at *11, 2020 WL 9071486 (denying motion to stay, finding that "even if the Court were to grant Defendants' *Forum Non Conveniens* Motion, the need for discovery would not be eliminated. Rather, discovery would only be delayed because Plaintiff would be free to re-file the case in Italy.").

For these reasons, Defendants' Motion to Stay based on their *forum non conveniens* argument should be denied.

5

### B. The Motion to Dismiss for Lack of Personal Jurisdiction Is Not Sufficient Grounds for a Stay.

#### 1. The Motion to Dismiss for Lack of Personal Jurisdiction Is Not Meritorious.

As with the Motion to Dismiss for *forum non conveniens*, Defendants have not presented a strong ground for dismissal based on lack of personal jurisdiction.

As set forth in Plaintiffs' Opposition to Defendants' Motion to Dismiss, Defendants have merely stated, without any supporting evidence, that they do not reside in this District. [*See* MTD Opp., pp. 11-12.] That is insufficient as a matter of law. Defendants' self-serving claims "do not trigger a duty for Plaintiffs to respond with evidence of their own supporting jurisdiction." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999).

In any event, Plaintiffs have submitted multiple sources of compelling evidence demonstrating Defendants' pervasive connections with Florida, including drivers' license records, voting records, and a history of conducting the Defendant entities' businesses from Florida. [*See* MTD Opp., pp. 11-16.] Significantly, Mart simultaneously used different Florida addresses for different purposes: a Tallahassee and then a Boca Raton address for his Florida license while voting in Port St. Lucie. [*see id.*, p. 12] Boies claims to have permanently relocated to Illinois in 2019 but continued to vote as a Florida resident in 2020. At the very least, that evidence creates serious doubt as to the veracity of the Defendants' factual claim to have "few if any meaningful ties to Florida." [MTS, p. 2.]

For that reason, Defendants' Motion to Dismiss for lack of personal jurisdiction is not a "'sure winner' warranting a stay of discovery at this stage." *Mosley,* at *13.

#### 2. If the Court Grants the Motion to Dismiss for Lack of Personal Jurisdiction, the Case Will Continue and Discovery Will Merely Be Delayed.

As is evident from the Complaint, Mart is alleged to be the primary wrongdoer. If the Court were to dismiss based on lack of personal jurisdiction, Plaintiffs would refile the same claims against Mart in federal court in California, where Mart claims to permanently reside, [Mart Decl. ¶ 2; MTS at 6 and n. 2], and where he is (if he is to be believed) subject to general personal jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the

individual's domicile.").[2]

Mart also claims to be the sole member of each of the entity defendants, which are all limited liability companies. [Notice of Removal, ECF 1, at ¶18.] Each of the entity defendants therefore is subject to general jurisdiction where Mart resides. *See Organizacion Miss Am. Latina v. Ramirez Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017) (holding that, for purposes of personal jurisdiction analysis, a limited liability company is a citizen of the state in which its sole member is a citizen).

Thus, if this Court were to grant the Motion to Dismiss based on lack of personal jurisdiction, the case will not come to an end. Nor would the case be "litigated in another country…outside the United States," as Defendants contend. [MTS, p. 3.] Instead, it will proceed in another federal court. When a case will proceed in another court, granting the motion to dismiss will not avoid the need for discovery. [MTS, p. 3.] *See Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-cv-61422-BLOOM/Valle, 2019 WL 6052408, 2019 U.S. Dist. LEXIS 198055, at *4, 2019 WL 6052408 (S.D. Fla. Nov. 15, 2019) (denying motion to stay, explaining that granting the motion to dismiss would result in remand to state court and thus, "disposing of this case by motion to dismiss will not avoid 'needless and extensive discovery.'").

### C. The Motion to Dismiss for Failure to State a Claim Is Not Sufficient Grounds for a Stay.

#### 1. The Motion to Dismiss for Failure to State a Claim Is Not Meritorious.

Defendants also have not shown that their Motion to Dismiss for failure to state a claim is "clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53.

Plaintiffs' Complaint alleges in detail the nature of the fraud, the role of each of the participants, and Plaintiffs' damages. Defendants' arguments for dismissal are unavailing.

*First*, Defendants' argument in their Motion to Dismiss that the Complaint is a "shotgun pleading," is both factually wrong, and not a ground for dismissal. Even if the Complaint were a "shotgun pleading" (which it is not), the proper course of action would be for the Court to issue an order directing Plaintiffs to replead their claims. *See e.g. Wagner v. First Horizon Pharm.*

---

[2] Alternatively, Plaintiffs may refile in Illinois, where Mart directed all of Plaintiffs' investments through an Illinois limited liability company, and where Boies currently resides. The result is the same for purposes of this Motion.

*Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). Such an order would not result in dismissal.

*Second*, Plaintiffs' claims are stated with sufficient particularity. [*See* MTD Opp., pp. 18-19.] Most tellingly, Defendants submitted a Declaration from Mart [ECF No. 18-1] that includes a detailed, almost point-by-point rebuttal of the Complaint, as well as averments concerning where each of the parties was located at the time of the alleged fraud, the identities of dozens of alleged witnesses, and receipts that Mart claims reflect the true nature of the financial transactions. Given Mart's detailed response to the Complaint's allegations, Defendants cannot legitimately claim that the Complaint fails to "provide[] a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud such that the defendants have fair notice of the nature of plaintiff's claim and the grounds upon which it is based." *United States ex rel. Heater v. Holy Cross Hosp., Inc.*, 510 F. Supp. 2d 1027, 1033 (S.D. Fla. 2007) (quotation omitted). See also *Pearson v. Deutsche Bank AG*, No. 21-cv-22437, 2022 U.S. Dist. LEXIS 57846, at *13-14, 2022 WL 951316 (S.D. Fla. Mar. 29, 2022) (same).

*Third,* Plaintiffs' conspiracy claim is not barred by the intracorporate conspiracy doctrine because that doctrine does not apply when separate legal entities are involved in the alleged conspiracy. *Rossi v. Darden*, 2016 U.S. Dist. Lexis 195751, * 29, 2016 WL 11501449, *8 (S.D. Fl. 2016) (citing *Solyom v. World Wide Child Care Corp.*, 2015 U.S. Dist. Lexis 144051, 2015 WL 6167411, *2 (S.D. Fl. 2015) and *Regions Bank v. Kaplan*, 2014 U.S. Dist. Lexis 138538, 2014 WL 5088889, *6 (M.D. Fl. 2015)).

For these reasons, Defendants' Motion to Dismiss for failure to state a claim is not a "'sure winner' warranting a stay of discovery at this stage." *Mosley v. Walgreen Co.,* at *13.

### 2. If the Court Grants the Motion to Dismiss for Failure to State a Claim, Plaintiffs Should be Granted Leave to Replead.

Even if this Court were to dismiss Plaintiffs' claims for alleged pleading deficiencies, Plaintiffs have requested leave to replead [MTD Opp. p. 20] and such leave should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Courts in this District have recognized that a stay of discovery is not appropriate when a dismissal, if granted, is likely to be without prejudice or with leave to replead, because such a disposition would not be case dispositive. *See Rubinstein v. Keshet Inter Vivos Tr.,* No. 17-61019-Civ-WILLIAMS/Torres, 2018 WL 3730868, 2018 U.S. Dist. LEXIS 230831, at *10 (S.D. Fla. Apr. 27, 2018) (denying motion to stay because the court was "unconvinced that Plaintiffs'

entire complaint will be dismissed, and even more doubtful that the pleading will be dismissed with prejudice."); *Miller's Ale House, Inc. v. DCCM Rest. Grp.*, LLC, No. 6:15-cv-1109-Orl-22TBS, 2015 WL 6123984, 2015 U.S. Dist. LEXIS 141119, at *6 (M.D. Fla. Oct. 16, 2015) ("Even if the motion [to dismiss] is granted, it is likely that Plaintiff will be given leave to amend. Under these circumstances, the Court is not persuaded that a stay of discovery will do more good than harm.").

For this reason, too, the Court should not grant a stay based on Defendants' Motion to Dismiss for failure to state a claim.

### D.   Plaintiffs Will Be Prejudiced By Delay.

Plaintiffs will be prejudiced by a stay because Defendants already have demonstrated that they will attempt to use extensions of time for their tactical advantage.

Plaintiffs commenced this case on January 22, 2024, with the filing of a Summons and Complaint. Boies and the entity defendants were served in February 2024. [ECF No. 1, pp. 101-23.] Mart waived service in March 2024 [*id.* at pp. 125-28], with the express agreement that the deadline for Defendants to respond to the Complaint would be extended to May 7, 2024. Defendants then used the time between service of the Summons and Complaint and the expiration of the consensual extension to shut down the defendant entities and to attempt to eradicate their contacts with Florida.

On February 4, 2024, the day after Boies was served with the Summons and Complaint, Mart filed an Amended Annual Report eliminating Boies from as a Manager of Luminescence (FL). [Exh. B[3] at 17.] On February 16, 2024, Mart filed a quitclaim deed transferring Deanna Boies' home in Illinois, from "Luminescence, LLC, a limited liability company, of Boca Raton, State of Florida" to an entity called Caltronica, LLC. [Exh. M.]. On April 1, 2024, Mart terminated Luminescence (IL) [Exh. G at 3.] On April 2, 2024, Mart dissolved Luminescence (FL) [Exh. G at 2.] The same day, Mart terminated Luminastra LLC. [*Id.* at 4.] On April 11, 2024, Mart requested that his Florida voter registration be removed. [Exh. I.]

Defendants, therefore, have demonstrated that they will attempt to use any delays in this case to their tactical advantage. They should not be rewarded for that conduct, or further enabled,

---

[3] Lettered exhibits are attached to the Declaration of Gregory A. Blue in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss. [ECF No. 25.]

9

by a stay of discovery.

## Conclusion

Plaintiffs respectfully request that the Court deny the Motion to Stay in its entirety.

/s/ Mark A. Levy
MARK A. LEVY
Florida Bar No. 121320
Email: mark.levy@brinkleymorgan.com
BRINKLEY MORGAN
100 SE Third Avenue, 23rd Floor
Fort Lauderdale, FL 33394
Telephone:  954-522-2200
Facsimile:  954-522-9123
Attorney for Plaintiffs


/s/ Gregory A. Blue
GREGORY A. BLUE
(Admitted *Pro Hac Vice*)
Email: gblue@lcb-law.com
LACHTMAN COHEN & BELOWICH LLP
245 Main Street, 2nd Floor
White Plains, NY 10601
Telephone: (914) 505-6654
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum was served on this 5th day of June, 2024 upon all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Mark A. Levy
MARK A. LEVY
Florida Bar No. 121320
Email: mark.levy@brinkleymorgan.com
BRINKLEY MORGAN
100 SE Third Avenue, 23rd Floor
Fort Lauderdale, FL 33394
Telephone:  954-522-2200
Facsimile:  954-522-9123
Attorney for Plaintiffs
