**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**

CASE NO. 9:24-cv-80499-RLR/REINHART

JTC SKYWAVE INVESTMENTS LTD,
and HARALD McPIKE,

              Plaintiffs,

v.

ANDREW N. MART, DEANNA BOIES,
LUMINESCENCE LLC, LUMINESCENCE
LLC, and LUMINASTRA LLC,

              Defendants.

_____/

**DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**



1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5100
Fax: (305) 372-2738

Luis Delgado, Esq.
ldelgado@homerbonner.com
Christopher J. King, Esq.
cking@homerbonner.com
Antonio M. Hernandez, Jr. Esq.
ahernandez@homerbonner.com

CASE NO. 9:24-cv-80499-RLR/REINHART

## **Table of Contents**

Table of Authorities ...................................................................................................................... ii

    A.    Plaintiffs misstate the legal standards. ................................................................. 2

    B.    Plaintiffs misapply the Forum Non Conveniens analysis and ignore cases staying discovery in similar situations. ..................................................................................... 2

    C.    Plaintiffs' argument that discovery must happen in *some* forum is not persuasive. ...................................................................................................... 6

    D.    Plaintiffs' arguments related to personal jurisdiction are equally flawed. ............... 7

    E.    Plaintiffs' shotgun pleading also remains a basis to stay discovery. .......................... 8

    F.    Plaintiffs' arguments regarding prejudice are refuted by their own evidence. ....... 9

Conclusion .................................................................................................................................. 9

i

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO. 9:24-cv-80499-RLR/REINHART

## **Table of Authorities**

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009).............................................................................................. 1

*Cafe, Gelato & Panini LLC v. Simon Prop. Grp. L.P.,*
   No. 20-60981-CIV-CANNON/Hunt,
   2021 U.S. Dist. LEXIS 97272 (S.D. Fla. May 21, 2021)................................. 6

*Chudasama v. Mazda Motor Corp.,*
   123 F.3d 1353 (11th Cir. 1997)................................................................. 2, 9

*Flecha v. Neighbors Moving Servs.,*
   944 F. Supp. 2d 1201 (S.D. Fla. 2013)....................................................... 2

*Ford v. Brown,* 319 F.3d 1302 (11th Cir. 2003) ........................................... 4

*Fruitstone v. Spartan Race Inc.,*
   464 F. Supp. 3d 1268 (S.D. Fla. 2020)....................................................... 4

*In re W. Caribbean Crew Members,*
   632 F. Supp. 2d 1193 (S.D. Fla. 2009)....................................................... 5

*Isaiah v. JPMorgan Chase Bank,*
   960 F.3d 1296 (11th Cir. 2020).................................................................. 2

*Kleiman v. Wright,*
   No. 18-cv-80176-BB,
   2018 U.S. Dist. LEXIS 246616 (S.D. Fla. Aug. 2, 2018) .....................1, 6, 7

*Lambert v. Melia Hotels Int'l S.A.,*
   526 F. Supp. 3d 1207 (S.D. Fla. 2021)....................................................... 5

*Madara v. Hall,*
   916 F.2d 1510 (11th Cir. 1990)................................................................... 7

*McFadden v. Ins. Supermarket Inc.,*
   No. 1:23-cv-23957-KMM,
   2024 U.S. Dist. LEXIS 97617 (S.D. Fla. Jan. 19, 2024)............................. 2

*Or Zaid v. Diamonds Int'l of Fla., Inc.,*
   No. 21-cv-22926-BLOOM/Otazo-Reyes,
   2021 U.S. Dist. LEXIS 200662 (S.D. Fla. Oct. 19, 2021)........................... 2

*Piper Aircraft Co. v. Reyno,*
   454 U.S. 235 (1981).................................................................................... 3

*Posner v. Essex Ins. Co.,*
   178 F.3d 1209 (11th Cir. 1999)............................................................. 7, 8

*Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.,*
   No. 19-cv-61422-BLOOM/Valle,
   2019 U.S. Dist. LEXIS 198055 (S.D. Fla. Nov. 15, 2019) ......................... 7

*Ritter v. Metro. Cas. Ins. Co.,*
   No. 4:19-CV-10105-KMM,
   2019 U.S. Dist. LEXIS 227839 (S.D. Fla. Decl. 3, 2019) ......................... 4

*Rossi v. Darden,*
   No. 16-21199-CIV-ALTONAGA,
   2016 U.S. Dist. LEXIS 195751 (S.D. Fla. July 19, 2016)........................... 8

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO. 9:24-cv-80499-RLR/REINHART

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*,
    549 U.S. 422 (2007)........................................................................................... 1, 6
*Sun Tr. Bank v. Sun Int'l Hotels, Ltd.*,
    184 F. Supp. 2d 1246 (S.D. Fla. 2001)................................................................. 4
*Tazoe v. Airbus S.A.S.*,
    631 F.3d 1321 (11th Cir. 2011)........................................................................ 4, 5
*Textile United States v. Diageo N. Am.*,
    No. 15-24309-CIV-WILLIAMS,
    2016 U.S. Dist. LEXIS 201542 (S.D. Fla. June 8, 2016) ...............................1, 6, 7
*Turner v. Costa Crociere S.P.A.*,
    No. 1:20-cv-21481-KMM,
    2020 U.S. Dist. LEXIS 252802 (S.D. Fla. Aug. 23, 2020)................................... 7
*Ward v. Kerzner Int'l Hotels, Ltd.*,
    No. 03-23087-CIV-JORDAN,
    2005 U.S. Dist. Lexis 11081 (S.D. Fl. Mar. 30, 2005)........................................ 4
*Wildhaber v. Efv*,
    No. 17-cv-62542-BLOOM/Valle,
    2018 U.S. Dist. LEXIS 251322 (S.D. Fla. Mar. 5, 2018) ................................1, 6, 7

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO. 9:24-cv-80499-RLR/REINHART

Pursuant to Local Rule 7.1(c)(1), Defendants Andrew N. Mart, Deanna Boies, Luminescence, LLC (registered in Illinois), Luminescence, LLC (registered in Florida), and Luminastra, LLC respectfully reply in support of their Motion to Stay Discovery. ECF No. 24.

To quote from one of the cases Plaintiffs cite, "[t]his is a textbook case for immediate forum non conveniens dismissal," *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). *Any* discovery before this Court will burden defendants with further "expense and delay," exactly what the defense of forum non conveniens is intended to prevent. *See id.* Dismissal is also appropriate for lack of personal jurisdiction and failure to state a claim for relief—defenses that routinely merit discovery stays. Indeed, burdening Defendants with discovery on nothing more than a shotgun pleading that is insufficiently pled, fails to meet the most basic of pleading requirements, and is vague or entirely silent about what if any wrongdoing most or all of the Defendants supposedly engaged in, is improper. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (instructing that a Complaint under Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

Plaintiffs neglect even to address the numerous decisions from this Court staying discovery when confronted with similar motions to dismiss. ECF No. 24 at 4 (citing *Kleiman v. Wright*, No. 18-cv-80176-BB, 2018 U.S. Dist. LEXIS 246616 (S.D. Fla. Aug. 2, 2018); *Wildhaber v. Efv*, No. 17-cv-62542-BLOOM/Valle, 2018 U.S. Dist. LEXIS 251322 (S.D. Fla. Mar. 5, 2018); *Textile United States v. Diageo N. Am.*, No. 15-24309-CIV-WILLIAMS, 2016 U.S. Dist. LEXIS 201542 (S.D. Fla. June 8, 2016)). Instead, Plaintiffs' strategy is to act as though stays of discovery are rarely granted, ignoring controlling Eleventh Circuit authority to the contrary; cast aspersions at Defendants based on irrelevant and misleading contentions that have nothing to do with this case or discovery; act as though they are United States plaintiffs who are owed substantial deference in their choice of forum, rather than foreign plaintiffs with no ties to the United States who are owed little or no deference; cite inapposite decisions involving largely domestic disputes, when the alleged fraud here indisputably occurred overseas; and claim prejudice at not being able to use American discovery procedures in clearly *foreign* disputes. Under Circuit precedent, this is a textbook case for a stay of discovery.

1

CASE NO. 9:24-cv-80499-RLR/REINHART

### A. Plaintiffs misstate the legal standards.

Plaintiffs claim the Motion to Stay "misstates the law" of the seminal decision, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997). Plaintiffs do not address that the Eleventh Circuit has repeatedly reaffirmed *Chudasama*, including as recently as 2020 in *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1309 (11th Cir. 2020). Moreover, contrary to Plaintiffs' characterization, Defendants have never claimed a stay is *automatic*. Instead, they have argued correctly that this is exactly the type of case that warrants a stay. Every case Plaintiffs rely on in an effort to undercut *Chudasama* is distinguishable. They are fact-driven orders denying stays in U.S.-based disputes on the basis of claims and circumstances that are obviously different than the ones here. *See McFadden v. Ins. Supermarket Inc.*, No. 1:23-cv-23957-KMM, 2024 U.S. Dist. LEXIS 97617 (S.D. Fla. Jan. 19, 2024) (involving a class action under the federal TPCA). *Or Zaid v. Diamonds Int'l of Fla., Inc.*, No. 21-cv-22926-BLOOM/Otazo-Reyes, 2021 U.S. Dist. LEXIS 200662 (S.D. Fla. Oct. 19, 2021) (denying stay where "preliminary peek" at a motion to dismiss intentional and negligent infliction of emotional distress and negligent training, supervision, and retention claims showed the claims were not "especially dubious"); *Flecha v. Neighbors Moving Servs.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) (involving an FLSA claim and a fast approaching discovery deadline that would require case management deadlines to be extended if the motion to dismiss were denied).

In contrast, this case involves foreign plaintiffs, suing on vague and inadequately pled claims involving entirely foreign conduct. This Court has authority to stay discovery in this case while ruling on the motion to dismiss, and it should exercise that authority.

### B. Plaintiffs misapply the Forum Non Conveniens analysis and ignore cases staying discovery in similar situations.

Plaintiffs predict victory on the forum non conveniens defense, but that defense can prevail on the conceded and undisputed facts alone: Plaintiffs *concede* the first factor, the adequacy and availability of both the Bahamas and Nevis; *concede* they are foreign citizens with no ties to the U.S., meaning they lose the deference U.S. plaintiffs enjoy; they do not dispute that the alleged fraudulent statements happened outside of the U.S.; and they do not dispute that the alleged fraudulently induced contract was to be performed in the

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO. 9:24-cv-80499-RLR/REINHART

Bahamas and Nevis, granted a stock option in a Nevis entity, and is subject to Nevis law. Considering that Plaintiffs themselves and most of the discovery and other witnesses are *also* in the Bahamas and Nevis, Plaintiffs have little else to dispute in trying to oppose the forum non conveniens motion. They resort to misapplying or omitting key quotations from case law, and simply getting the law of forum non conveniens wrong.

The Plaintiffs incorrectly tell this Court that Defendants have a "'heavy burden in opposing the plaintiff's chosen forum," quoting *Sinochem*, 549 U.S. at 430. ECF No. 26 at 3. But they omit the next sentence from *Sinochem*: "When the plaintiff's choice is *not its home forum*, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" *Sinochem*, 549 U.S. at 430 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)) (emphasis added). Plaintiffs' whole analysis is tainted by the misconception that they are owed substantial deference notwithstanding their status as foreign plaintiffs seeking relief for foreign conduct under foreign law. They are not.

Plaintiffs accuse Defendants of supposedly misunderstanding the law that forum non conveniens in federal court compares the convenience of a foreign alternative forum with the United States as opposed to just Florida. Defendants have not misconstrued the law. Defendants' point is that this entire case centers on alleged fraudulent conduct and an option contract that are totally foreign. Plaintiffs offer no evidence to rebut Mart's declaration that "All of my agreements with McPike were negotiated or performed and ultimately breached by McPike in the Bahamas, where we worked closely together for over three decades and where I conceived and created the software and hardware technologies that allowed McPike to accumulate tremendous wealth; or in Nevis, where the Call Option Agreement was to be performed." ECF No. 18-1 ¶ 31. Plaintiffs point out that "all of the money at issue was directed to a bank in the United States" and that "Mart directed all of Plaintiffs' investments through an Illinois limited liability company, and where Boies currently resides." That is incorrect. While the invoices reference wiring instructions for a U.S. bank account, and payment was wired to the U.S. from foreign accounts by foreign nonparties (except for one payment by McPike), the invoices in fact directed payment to be made to an address in Charlestown, <u>Nevis</u>. ECF No. 18-1 at 13-16. That McPike elected to

3

CASE NO. 9:24-cv-80499-RLR/REINHART

wire payments from nonparty-owned foreign accounts to a bank account in the U.S., rather than to deliver payments to Nevis as instructed, is of no significance. The alleged statements and conduct that prompted the payments, and any injury Plaintiffs could plausibly claim occurred in the Bahamas, *not* in the U.S.

Plaintiffs fare no better on the private interest factors. Plaintiffs have to argue that witnesses and evidence can be imported from the Bahamas because so few are actually *in* the U.S. But the private interests are about where the witnesses and evidence are located, not where they can be moved. The decisions Plaintiffs rely on for the convenience of travel from the Bahamas to Florida must be read in their proper context: those cases involved United States plaintiffs who, unlike Plaintiffs here, were owed tremendous deference on their choice of forum, and witnesses with far more ties to the United States than exist in this case. *See generally Sun Tr. Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246 (S.D. Fla. 2001); *Ward v. Kerzner Int'l Hotels, Ltd.*, No. 03-23087-CIV-JORDAN, 2005 U.S. Dist. Lexis 11081 (S.D. Fla. Mar. 30, 2005). As Plaintiffs apparently want this Court to forget, they are not United States plaintiffs.

Plaintiffs proceed under the flawed premise that only their witnesses and theory of the case is relevant. In a decision cited by Plaintiffs, the Eleventh Circuit has condemned that very premise: "Our analysis must contemplate more than the family members' theories of liability; we must also consider the manufacturers' theories. The analysis 'begins with the elements of plaintiff[s'] causes of action,' but '[t]he court must then consider the necessary evidence required to prove *and disprove* each element.'" *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1332 (11th Cir. 2011) (quoting *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003) (emphasis in original). Defendants have identified numerous witnesses who are not subject to the control of Plaintiffs and that are beyond this Court's subpoena power, but within the jurisdiction of Bahamian courts. *See* ECF No. 18-1 ¶ 33; ECF No. 25 at 6.

Plaintiffs' decisions on the ease of access to documents in the Bahamas are completely inapposite. They deal with motions to transfer from one federal district to another, not forum non conveniens. *Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268 (S.D. Fla. 2020); *Ritter v. Metro. Cas. Ins. Co.*, No. 4:19-CV-10105-KMM, 2019 U.S. Dist. LEXIS 227839 (S.D. Fla. Decl. 3, 2019). Defendants cite at least one decision directly on point: "the

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO. 9:24-cv-80499-RLR/REINHART

Defendants would have to *first* get the documents and secure the participation of individuals in The Bahamas and, given the unrebutted evidence before this Court, that would necessarily require and implicate legal process in The Bahamas as the witnesses and record holders are beyond the subpoena power of this Court. This would undoubtedly be both inconvenient and expensive." *Lambert v. Melia Hotels Int'l S.A.*, 526 F. Supp. 3d 1207 (S.D. Fla. 2021). Plaintiffs do not address *Lambert*, or attempt to explain how this case is any different.

Regarding public interest factors, the Plaintiffs overstate the import of American defendants. They again overlook the fact that as foreign plaintiffs, asserting a claim for largely foreign conduct, neither Florida nor the United States would have much interest. *See Tazoe*, 631 F.3d at 1334 (observing "[t]he interest of Brazil in resolving these claims is paramount" and "[t]his Court has observed that it is clear that a sovereign has a very strong interest when its citizens are allegedly victims and the injury occurs on home soil") (internal quotation omitted)). The Bahamas and Nevis have the paramount interests in this matter. The Bahamas are McPike's domicile, the site of the negotiations and alleged misstatements, and Nevis is the site of the company at issue in the Call Option Agreement and the site of the performance of the option at issue. The U.S. has no interest here.

Attempting to sidestep the choice of law factor and Call Option's selection of Nevis law, Plaintiffs confusingly claim that they "are not signatories to any agreement that requires the application of Nevis law, and Defendants have made no showing that Nevis law differs meaningfully from the law that this Court routinely applies in common law fraud cases." ECF No. 26 at 5. However, Plaintiffs themselves attach emails to their response to the Motion to Dismiss from a representative of McPike (in the Bahamas) acting upon the agreements and admitting that "the Call Option Agreement is granted by Luminastra Ltd., a Nevis Island corporation, subject to Nevis law" and that "this transaction is governed by Nevis law." ECF No. 25-21 at 4. The same email chain reveals that the Plaintiffs have their own "Nevis counsel." ECF No. 25-21 at 3 ("This is required by our Nevis counsel."). Notably, the one decision Plaintiffs cite for the proposition the Court need not consider the choice of law, *In re West Caribbean Crew Members*, 632 F. Supp. 2d 1193 (S.D. Fla. 2009), recognizes that foreign law is an "important factor." This factor is certainly

5

CASE NO. 9:24-cv-80499-RLR/REINHART

not a basis to allow full-throttle discovery. Nor did any Court staying discovery for forum non conveniens conduct such an analysis. *See Kleiman*, 2018 U.S. Dist. LEXIS 246616; *Wildhaber*, 2018 U.S. Dist. LEXIS 251322; *Textile United States*, 2016 U.S. Dist. LEXIS 201542. In any event, the expert declarations refute the notion that the laws and procedures are identical to Florida law and the federal rules.

### C. Plaintiffs' argument that discovery must happen in *some* forum is not persuasive.

Plaintiffs claim that discovery should not be stayed because even if the motion to dismiss is granted on forum non conveniens or jurisdictional grounds, then discovery will occur somewhere and a magistrate can handle any burdens. ECF No. 26 at 2-3, 6. It would be impractical to commence discovery under this Court's procedures when another court's procedures may be completely different, especially considering that Plaintiffs concede the adequacy of courts in Nevis or the Bahamas. The point is that Defendants should not be subjected to the burdens of discovery in a wholly inconvenient or improper forum. That Plaintiffs desire American discovery procedures is not a factor. Discovery should be supervised under the procedures of the appropriate forum. As the Supreme Court quoted approvingly in *Sinochem*, "[r]equiring a district court to conduct discovery on a jurisdictional question when it rightly regards the forum as inappropriate . . . subverts a primary purpose of the forum non conveniens doctrine: protecting a defendant from . . . substantial and unnecessary effort and expense." *Sinochem*, 549 U.S. at 428 (quoting dissenting opinion from decision on review) (internal quotations omitted).

Plaintiffs argue the magistrate judge can handle any discovery disputes. ECF No. 26 at 2-3. But every decision that Plaintiffs cite bears no similarity to this case. None of the cases involved foreign plaintiffs or personal jurisdiction or forum non conveniens arguments. *Cafe, Gelato & Panini LLC v. Simon Prop. Grp. L.P.*, No. 20-60981-CIV-CANNON/Hunt, 2021 U.S. Dist. LEXIS 97272 (S.D. Fla. May 21, 2021), was also a class action and involved claims of RICO, unjust enrichment, deceptive trade practice acts, and contractual claims. A dismissal would not have ended the case completely in the U.S.

Plaintiffs ignores the numerous decisions Defendants cited granting motions to stay based on jurisdictional and forum non conveniens motions. *Kleiman*, 2018 U.S. Dist. LEXIS

CASE NO. 9:24-cv-80499-RLR/REINHART

246616; *Wildhaber*, 2018 U.S. Dist. LEXIS 251322; *Textile United States*, 2016 U.S. Dist. LEXIS 201542. While it is true one judge ruled to the contrary in *Turner v. Costa Crociere S.P.A.*, No. 1:20-cv-21481-KMM, 2020 U.S. Dist. LEXIS 252802 (S.D. Fla. Aug. 23, 2020), that decision is the rare exception and cannot be squared with *Sinochem*.

The same goes for the other decision cited by Plaintiffs, *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-cv-61422-BLOOM/Valle, 2019 U.S. Dist. LEXIS 198055 (S.D. Fla. Nov. 15, 2019), regarding personal jurisdiction. *Geico* is distinguishable in that the "the case [would] be remanded back to the state court from which it was removed" if the motion to dismiss was successful, a "procedural outcome" acknowledged by the defendant. *Id.* Here, this Court can dismiss the case entirely from the U.S. for forum non conveniens without reaching the question of personal jurisdiction, as *Sinochem* holds. *Sinochem*, 549 U.S. at 425.

**D. Plaintiffs' arguments related to personal jurisdiction are equally flawed.**

Regarding personal jurisdiction, the Plaintiffs falsely assert that "Defendants have merely stated, without any supporting evidence, that they do not reside in this District." ECF No. 26 at 6. In fact, Mart and Boies each gave detailed declarations explaining that they do not reside in this District. *See* ECF No. 18-1 & 18-2. Moreover, McPike does not assert any sworn testimony refuting Mart's sworn statements that he was working in the Bahamas advising and consulting with McPike for 20 years. This case is nothing like *Posner v. Essex Ins. Co.*, 178 F.3d 1209 (11th Cir. 1999), in which the affidavit presented merely made "conclusory assertions of ultimate fact." *Id.* at 1215. In *Posner*, the Court explained "To the extent such statements in the Struth Affidavit do not contradict Plaintiffs' pleadings, we accept the allegations stated in the complaint as true for purposes of resolving the jurisdictional issue under the requirements of the Florida long-arm statute and the Due Process Clause." *Id.* Here, the allegations of the complaint are refuted by the declarations where wrong and corroborated where accurate.

Facing sworn evidence, Plaintiffs are now backtracking on their pleadings. For example, their pleadings allege that Boies lives in Illinois. ECF No. 1-1 ¶ 12. Now, Plaintiffs claim that Boies may reside in Florida. Plaintiffs cannot change their pleadings on the fly and are bound by them. *See Posner*, 178 F.3d at 1215 (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990), for the proposition that "even when a defendant submits evidence

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO. 9:24-cv-80499-RLR/REINHART

supporting his jurisdictional position, we still 'accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits").

Similarly, the pleadings allege that "Defendant Mart is an individual, who upon information and belief, has an address at 12081 SW Marigold Avenue, Port St. Lucie, Florida 34987." ECF No. 1-1 ¶ 9. Mart, however, presents sworn testimony that such address is his father's address, and that he has resided in the Bahamas and now in California. So, the Court does not treat that allegation as true. *See Posner*, 178 F.3d at 1215.

Plaintiffs can only cite voting records and driver license records that predate Mart's move from the Bahamas to California in 2023, months before this case was filed. They have no relevance to the analysis. Therefore, Plaintiffs' efforts do not undermine the likelihood of the Court dismissing for lack of personal jurisdiction either, and a stay of discovery is warranted.

**E.   Plaintiffs' shotgun pleading also remains a basis to stay discovery.**

There is no doubt that the Complaint in this case fails to identify the specifics of any alleged misrepresentation. There is also no doubt that the Plaintiffs themselves admit in the introduction to their motion to stay response that any alleged misrepresentations were only made by Mart. The Plaintiffs only assert the other Defendants "assisted" Mart with no details. As explained in the Motion to Dismiss, the conspiracy count is in any event barred by the intercorporate conspiracy doctrine. Plaintiffs do not address case law cited by Defendants and cite instead to the decision *Rossi v. Darden*, No. 16-21199-CIV-ALTONAGA, 2016 U.S. Dist. LEXIS 195751 (S.D. Fla. July 19, 2016), to advance a misstatement of the law. In quoting from *Rossi*, Plaintiffs conspicuously omit the very next sentence: "However, subsidiaries of parent corporations are not generally considered separate legal entities for the purpose of the intra-corporate conspiracy doctrine." *Id.* at *30 (barring claims pursuant to intracorporate conspiracy doctrine). Here, there is no dispute that all the entity defendants are solely owned by Mart. In *Rossi*, the Court noted "[t]hus, while Cherokee, IH, and IPH may have separate corporate structures, it is clear they are either subsidiaries or wholly owned holding companies of each other." *Id.* As such, neither they, nor their individual employees . . . may be said to conspire with each other." *Id.* The same reasons bar any conspiracy count in this case. Thus, should the Court not dismiss this case on

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO. 9:24-cv-80499-RLR/REINHART

jurisdictional grounds, discovery should be stayed where many of the Defendants are unlikely to remain parties, the pleadings would need to be amended to provide specifics, and would drastically narrow discovery. As the Eleventh Circuit has stressed, "[a]llowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants . . . , delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity [of the court]." *Chudasama*, 123 F.3d at 1368.

**F. Plaintiffs' arguments regarding prejudice are refuted by their own evidence.**

As a last stand, without citation to any authority, Plaintiffs resort to innuendo to claim that they have been prejudiced by delays and imply that evidence will be lost. Plaintiffs claim that "on February 16, 2024, Mart filed a quitclaim deed transferring Deanna Boies' home in Illinois." ECF No. 26 at 9. In fact, Mr. Mart executed the deed on January 3, 2024, as noted by the notarization—three weeks before the filling of this action. ECF No. 25-14 at 2-3; ECF No. 1-2 at 2. Moreover, as reflected by Plaintiffs finding the deed, it is all public record, and has nothing whatsoever to do with discovery or the merits of this case. If anything, the actions Plaintiffs point to in California and Illinois only reinforce the fact that Mart and Boies do not reside in Florida.

Moreover, as Defendants noted in seeking a stay, "records remain preserved." ECF No. 24 at 3. Plaintiffs' own evidence corroborates that. For example, in the motion to dismiss response, Plaintiffs reference a video. The link from which Plaintiffs obtained that video is a link that Mart provided to Plaintiffs that remains live today. The Court can see for itself by clicking the links on "Video 1: Introduction to QuantumRoot." ECF No. 25-19 at 2.

<u>Conclusion</u>

Defendants respectfully request that this Court enter an order staying discovery pending a decision on the Motion to Dismiss for Forum Non Conveniens and Lack of Personal Jurisdiction; and, Alternatively, for Failure to State a Claim for Relief, and granting such other relief as may be just and proper.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO. 9:24-cv-80499-RLR/REINHART

Dated: June 12, 2024

Respectfully submitted:



Attorneys for Defendants
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5100
Fax: (305) 372-2738

By:   /s/ Antonio M. Hernandez, Jr.
    Luis Delgado, Esq.
    Email: ldelgado@homerbonner.com
    Florida Bar No. 475343
    Christopher J. King, Esq.
    Email: cking@homerbonner.com
    Florida Bar No.: 123919
    Antonio M. Hernandez Jr., Esq.
    Email: ahernandez@homerbonner.com
    Florida Bar No.: 0117756

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com