UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 9:24-cv-80499-RLR/REINHART

JTC SKYWAVE INVESTMENTS LTD,
and HARALD McPIKE,

        Plaintiffs,

v.

ANDREW N. MART, DEANNA BOIES,
LUMINESCENCE LLC, LUMINESCENCE
LLC, and LUMINASTRA LLC,

        Defendants.
_____/

**_AMENDED_ MOTION TO STAY**
**RESPONSE DATE FOR SUBPOENA PENDING ORDER ON MOTION TO STAY DISCOVERY[1]**

        Defendants Andrew N. Mart ("Mart"), Deanna Boies ("Boies"), Luminescence LLC

(registered in Illinois),  Luminescence LLC (registered in Florida),  and Luminastra LLC

(collectively "Defendants") file this amended motion to stay the June 21, 2024 response

date for Citibank to respond to a subpoena Plaintiffs JTC Skywave Investments, Ltd. and

Harald McPike served on June 4, 2024, pending a ruling on Defendants' motion to stay

discovery. A redacted version of the subpoena is attached hereto at Ex. A.

        As good cause for this motion Defendants state as follows:

        1.      Plaintiffs are foreign citizens who claim they were supposedly fraudulently

induced into a contract to purchase an option to buy a 60% interest in a Nevis company in

---

[1] Defendants originally styled this as an expedited motion. After receiving service of the motion, Citibank
informed the parties that they will withhold documents until the Court rules. Because the Plaintiffs do not
agree to postpone the response date of the subpoena until the Court resolves the motion to stay discovery,
however, the need for ultimate relief from the Court remains (albeit no longer on an expedited basis).

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

September 2019. They allege damages in the amount of four payments wired mostly from foreign nonparties to a Citibank account in the name of Luminstra, LLC in 2019, 2020, and 2021.

2.      On May 7, 2024, Defendants moved to dismiss for forum non conveniens, lack of personal jurisdiction, and failure to state a claim for relief. ECF No. 18.

3.      On May 23, 2024, Defendants moved to stay discovery pending a ruling on the motion to dismiss. ECF No. 24. The motion is fully briefed and, Defendants submit, has ample legal and factual support.

4.      After Defendants moved to stay discovery, Defendants served written discovery on Defendants. Though the Citibank account statements where the four payments were sent are in Luminstra's possession, custody, and control, Defendants Noticed a separate subpoena to be served on Citibank directly. The subpoena seeks every account statement for the Citibank account for five-and-a-half years, going back to January 2019 (nine months before the alleged false statements in issue), and until the present (several *years* after the last of the 2021 payments under the Nevis option contract).

5.      Unbeknownst to Defendants until June 14, 2024, Citibank acknowledged receipt of the subpoena in an email to Plaintiffs on June 4, 2014.

6.      On June 11, 2014 Defendants notified both Plaintiffs and Citibank that they object to the subpoena in light of the motion to stay discovery and because the subpoena is overbroad and wholly disproportionate to the needs of this case. Defendants requested that Citibank not produce bank records until the motion to stay discovery could be decided by this Court. Plaintiffs opposed that request and insist that the documents be produced right away.

2

7.      Plaintiffs claim that a Court Order is required to postpone a response to the subpoena while a motion to stay discovery is pending.

8.      Defendants therefore now request that this Court enter that Order.

9.      Defendants are contemporaneously providing Citibank with a copy of this motion.

## Memorandum of Law

10.      Defendants have thoroughly briefed why a stay of discovery is appropriate in this case, and they incorporate those arguments in this motion. *See* ECF No. 24.

11.      It would completely subvert this Court's authority and the policies behind discovery stays pending motions to dismiss to allow Plaintiffs to get hurry-up discovery from a third party before this Court rules on the motions to stay and dismiss.

12.      As the U.S. Supreme Court and Eleventh Circuit have stressed, the very point of a stay of discovery is to prevent probing and onerous discovery when the case belongs in a foreign forum (as this case does), and on the basis of vague and conclusory allegations. See Sinochem, Twombly, Chiasma. Notably, there are no plausible allegations of wrongdoing in the Complaint against the target of the subpoena, Luminastra.

13.      In an abundance of caution, Defendants also will file a timely motion for an order quashing the overbroad subpoena pursuant to Rule 45 and have requested availability from opposing counsel.

14.      In the meantime, Defendants seek an Order from this Court to maintain the status quo until the Court rules on the motion to stay discovery.

15.      Plaintiffs will suffer no prejudice from a stay of the response date of the Citibank subpoena. The accounts statements are not going anywhere.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

16.     On the other hand, Defendants will be prejudiced by having to engage in American-style discovery practice when discovery should proceed under the laws and procedures of Nevis or the Bahamas, the Court lacks jurisdiction over all but the Florida-registered Luminescence entity, and Plaintiffs have not stated any plausible claim for relief.

## Conclusion

Defendants respectfully request that this Court stay the response date on the Citibank subpoena pending this Court's ruling on the motion to stay discovery.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(3)

On June 11-14 & 17, 2024, counsel for Defendants conferred with counsel for Plaintiffs in a good-faith effort to resolve the issues raised in this motion but were unable to do so.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

Date: June 17, 2024

Respectfully submitted:



Attorneys for Defendants
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5100
Fax: (305) 372-2738

By:     /s/ *Antonio M. Hernandez, Jr.*
        Luis Delgado, Esq.
        Email: ldelgado@homerbonner.com
        Florida Bar No. 475343
        Christopher J. King, Esq.
        Email: cking@homerbonner.com
        Florida Bar No.: 123919
        Antonio M. Hernandez Jr., Esq.
        Email: ahernandez@homerbonner.com
        Florida Bar No.: 0117756

HomeR BonneR Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com