UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 9:24-cv-80499-RLR/REINHART

JTC SKYWAVE INVESTMENTS LTD,
and HARALD McPIKE,

       Plaintiffs,

v.

ANDREW N. MART, DEANNA BOIES,
LUMINESCENCE LLC, LUMINESCENCE
LLC, and LUMINASTRA LLC,

       Defendants.
_____/

**JOINT DISCOVERY MEMORANDUM**

The parties certify they have complied with the requirements for pre-hearing consultation contained in the Court's Standing Discovery Order. ECF No. 16. Despite good faith efforts to resolve their differences, the following issues require resolution by the Court:

1.  Defendants move, pursuant to Federal Rule of Civil Procedure 45, to quash the subpoena issued to third-party Citibank, N.A. seeking five-and-a-half years of bank statements and in the alternative for a motion for protective order pursuant to Rule 26(c). The subpoena should be quashed because the subpoena (1) seeks information that is irrelevant and disproportionate to the needs of this case; (2) is duplicative of outstanding discovery that was requested from Defendants directly, who include the account holder and have access to the documents, rendering the subpoena totally unnecessary and harassing, as it interferes with Defendants' business relationships with Citibank, N.A.; (3) is nothing more than a fishing expedition; (4) is tantamount to discovery in aid of execution and premature; and (5) may lead to further harassing and irrelevant discovery from Defendants' banks.

1

2.	In the meet and confer process, Defendants made clear they are willing to produce the records themselves with two limitations subject to the Court's non-waiver policy in the Standing Discovery Order: we will produce statements narrowed to the relevant time period, and for relevant account activity involving the parties to this case. The time frame should be limited to September 2019 (the date of the alleged misrepresentations) to October 2021 (the date of the last of the alleged fraudulently induced payments under the Nevis option contract). The subpoena is unreasonably overbroad. It seeks every account statement for five-and-a-half years, going back to January 2019 (nine months before the alleged false statements in issue), and until the present (several years after the last of the 2021 payments). This would include information disclosing wholly irrelevant deposits and payments involving nonparties. The subpoena therefore seeks financial information that is not relevant and is disproportionate to the needs of the case, essentially amounting to discovery in aid of execution. Plaintiffs refused to narrow the subpoena at all. Further, there is no current confidentiality order or agreement in place.

3.	That Defendants can produce responsive account records to a narrowly tailored request is another objection. "Even in situations where discovery is otherwise reasonable or relevant, a court may still limit it" where "(i) the discovery sought is unreasonably cumulative or duplicative or is obtainable from some other source; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought" or the discovery is not proportional. *Continuum On South Beach Condo. v. QBE Ins.Co.*, 338 F.R.D. 668, 670 (S.D. Fla. 2021) (quoting *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing Fed. R. Civ. P. 26(b)(2)). In issuing a protective order, the *Continuum* Court acknowledged that, "although some of the material sought might be relevant, the overbroad subpoenas sought information that was irrelevant, unduly burdensome, and, when

relevant, were not narrowly tailored." *Id.* Particularly instructive is *Auto-Owners*, though the Court there considered a prior, more forgiving Rule 26 standard than what exists now. The Court entered a protective order to prohibit production pursuant to subpoenas issued to non-parties seeking "broad discovery regarding the non-parties' financial transactions, including: production of all bank statements. . . ." *Auto-Owners*, 231 F.R.D. at 427-28. The Court reasoned:

> Defendants argue that Plaintiff's discovery is irrelevant because it does not relate to a claim or defense by the parties, but is in aid of execution of a judgment that has not yet been entered. The Court agrees that such discovery prior to the entry of judgment is improper. Plaintiff contends that the discovery is needed to determine whether the non-parties should be added to the law suit as real parties in interest. While certain financial records may show that the non-parties are interrelated with Defendants, Plaintiff's discovery regarding financial matters is grossly overbroad and irrelevant. Plaintiff's discovery regarding corporate structure and corporate control, however, may show that the non-parties are interrelated with Defendants, and that discovery is permissible. . . . The Court, however, finds good cause to prevent the overbroad discovery of the non-parties' finances and enters a protective order as to the financial information sought by the subpoenas and deposition notices.

*Id.* at 430. A protective order is similarly warranted here, where the allegations and crux of the Complaint involve purported misrepresentations about corporate structure and an option contract. *See, e.g.*, ECF No. 1-1 ¶¶ 3-6 (describing misrepresentations as related to corporate structure predating the alleged payments under the option contract). This Court has quashed a subpoena to a nonparty bank under similar circumstances. *See Barnes v. Jackson*, No. 21-cv-80722-Altman/Reinhart (S.D. Fla. Feb. 10, 2022), ECF No. 108 (Order Memorializing Discovery Rulings), attached as Exhibit 2.

   4.  Accordingly, Defendants request that the Court quash the subpoena entirely.

   5.  Plaintiffs' position is that the Luminastra LLC Citibank statements are, in their entirety, central to the issues in this case and Defendants have not articulated any basis to quash or for a protective order.

6. The bank statements are relevant. The Complaint alleges that Defendant Mart fraudulently induced Plaintiffs into making payments that, Mart claimed, were an investment in Luminastra Ltd., an entity that directly or indirectly owned specified subsidiaries. [Compl. ¶¶ 19-23.] The Complaint alleges that Mart's representations were false [Compl. ¶¶ 38-40], that he and Defendant Boies diverted more than $10 million of Plaintiffs' money through Luminastra LLC's Citibank account [*Id*. ¶¶ 41-43] to Mart's and/or Boies' own use. [*Id*. ¶ 45.]

7. In Defendants' Motion to Dismiss, Mart admits that all of Plaintiffs' investments "were made to a single bank account owned by Luminastra LLC…" [ECF 18-1, Mart Decl. ¶ 26] and that Mart "formed Luminastra LLC in Illinois to own a bank account through which all funding of the operations flowed." [*Id*. ¶ 12.] The Luminastra LLC Citibank account statements therefore are not "irrelevant" and a subpoena for them is not a "fishing expedition" as Defendants contend. They are at the center of this case.

8. While Defendants assert that the statements include "irrelevant deposits and payments involving nonparties," they have not provided any specificity concerning who has an interest in preventing disclosure of those transactions or explained any concrete way in which disclosure of such information would cause "annoyance, embarrassment, oppression, or undue burden or cost." *See* Standing Discovery Order For Magistrate Judge Bruce Reinhart, § II(F).

9. "Where a party is seeking protection with respect to confidential business information, it must demonstrate that the information sought is, indeed, confidential and that disclosure might be harmful to its business." *Am. Home Assurance Co. v. Rap Trucking, Inc.*, No. 09-80020, 2010 U.S. Dist. LEXIS 150517, at *5 (S.D. Fla. June 3, 2010). Defendants not only have not but cannot make that showing. After Plaintiffs commenced this lawsuit, Mart terminated the legal existence of each of the defendant entities, including Luminastra LLC. [ECF

No. 25-8, at p. 4.] Disclosure of the Luminastra LLC bank statements therefore cannot harm its business; it has no business to be harmed. Mart also terminated the other corporate defendants [ECF No. 25-8], so they too have no claim that disclosure would harm their businesses.

10. Nor would disclosure harm Boies, who stated in a declaration that "[o]ther than de minimis payments for the upkeep of real property owned by Luminescence LLC in Illinois [she] received no salary or other payments of any kind for [her] services." [ECF No. 18-2 ¶ 6.] If that is true, the Luminastra LLC Citibank account statements contain no information concerning her.

11. The only other defendant, Mart, has not articulated any harm other than that the subpoena "interferes with Defendants' business relationships with Citibank, N.A." There is no basis for the contention that one of the largest financial institutions in the world would sour on a client because it must comply with a subpoena. If that were a valid basis to quash, no bank subpoena would ever be permitted.

12. Nor is there a basis to cut off the time period at the date of Plaintiffs' last investment. There is no dispute that Plaintiffs' funds went into the account, what is in dispute is what the Defendants did with those funds after they received them. Because Mart shuttered Luminastra LLC, what happened to Plaintiffs' millions of dollars when the business closed is relevant to the issue of whether Plaintiffs' funds were wrongfully diverted, as Plaintiffs contend.

13. Defendants' claim that compliance with the subpoena "may lead to further harassing and irrelevant discovery from Defendants' banks," also has no basis. If Defendants believe that future discovery is inappropriate, the parties can address those discovery demands on their merits. There is no need to do so preemptively.

14. Copies of the relevant discovery requests and related pleadings are attached, as follows:

1. Plaintiff's Subpoena to Citibank, N.A. (Exhibit 1)

The Parties certify that they have complied with the Court's pre-hearing communication requirement specified in the Court's Standing Order on Discovery.

Dated: June 26, 2024

| | |
|---|---|
| **BRINKLEY MORGAN**<br>100 SE Third Avenue, 23rd Floor<br>Fort Lauderdale, FL  33394<br>Telephone: (954) 522-2200<br>Facsimile:  (954) 522-9123<br><br>By: /s/ Mark A. Levy<br>   MARK A. LEVY, Esq.<br>   Florida Bar No. 121320<br>   mark.levy@brinkleymorgan.com<br><br>and<br><br>   GREGORY A. BLUE<br>   *Pro Hac Vice*<br>   LACHTMAN COHEN & BELOWICH LLP<br>   245 Main Street, 2nd Floor<br>   White Plains, NY 10601<br>   Telephone: (914) 505-6654<br>   Email: gblue@lcb-law.com<br><br>   *Attorneys for Plaintiffs* | **HOMER BONNER JACOBS ORTIZ, P.A.**<br><br>1200 Four Seasons Tower<br>1441 Brickell Avenue<br>Miami Florida 33131<br>Telephone: (305) 350-5100<br>Facsimile: (305) 372-2738<br><br>By:  /s/*Antonio M. Hernandez, Jr.*<br>    Luis Delgado, Esq.<br>    Email: ldelgado@homerbonner.com<br>    Florida Bar No. 475343<br>    Christopher J. King, Esq.<br>    Email: cking@homerbonner.com<br>    Florida Bar No.: 123919<br>    Antonio M. Hernandez Jr., Esq.<br>    Email: ahernandez@homerbonner.com<br>    Florida Bar No.: 0117756<br><br>   *Attorneys for Defendants* |