UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80499-ROSENBERG/REINHART

JTC SKYWAVE INVESTMENTS
LTD, et al.,

    Plaintiffs,

v.

ANDREW N. MART, et al.,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss at docket entry 18. Defendants argue for dismissal on the bases of: (1) *forum non conveniens*; (2) lack of personal jurisdiction; and (3) in the alternative, failure to state a claim upon which relief can be granted. The Court has reviewed the Motion, Plaintiffs' Response [DE 25], Defendant's Reply [DE 37], and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

    **I.**    **FACTUAL ALLEGATIONS & BACKGROUND**

Plaintiffs JTC Skywave Investments LTD and Harald McPike filed their Complaint in Florida state court on January 22, 2024. DE 1-1. They bring this fraud and civil conspiracy case against Defendants Andrew N. Mart, Deanna Boies, Luminescense LLC (a Florida LLC), Luminescence LLC (an Illinois LLC), and Luminastra LLC. *See id.* The allegations below are taken from the Complaint and accepted as true for the purpose of this Motion.

This case arises out of a business transaction initiated by Defendant Andrew Mart. *See* DE1-1. In 2019, Defendant Mart proposed that Plaintiffs invest in Luminastra Ltd., such that

Plaintiffs would become Luminsatra Ltd.'s majority owners. *Id.* ¶ 2.  In his proposal, Defendant Mart made representations to Plaintiffs as to Luminastra Ltd.'s purported ownership of equity interests in several companies. *Id.* ¶ 3.  On September 27, 2019, a Call Option Agreement memorialized Plaintiff JTC's investment. *Id.* ¶ 24.  Defendant Deanna Boies signed the Agreement as Manager of Luminastra Ltd. *Id.*  Plaintiff provided funding based on Defendant Mart's representations concerning the business. *Id.* ¶ 28.

Plaintiffs became increasingly concerned that Defendant Mart had misled Plaintiffs about the investment, the status of the entities, and Plaintiff's ownership interest. *Id.* ¶¶ 31-38.  It soon became apparent that Defendants Mart and Boies had deceived Plaintiffs about the ownership of some companies and misdirected Plaintiffs' funds. *Id.* ¶¶ 38-42.  Ultimately, Plaintiff believes that Defendants diverted more than $10 million of Plaintiffs' funds into other entities while never delivering shares evidencing Plaintiff JTC's increased equity interest in Luminastra Ltd. *Id.* ¶¶ 5-6.

Notably, Plaintiff JTC is a British Virgin Islands Corporation, and Plaintiff McPike resides in the Bahamas. *Id.* ¶ 7-8.  Defendant Mart resides in Florida, and Defendant Boies resides in Illinois. *Id.* ¶ 9, 12.  Defendant Luminesence LLC is a Florida limited liability company with a principal place of business in Boca Raton, Florida. *Id.* ¶ 15.  A second defendant named Luminescence LLC is an Illinois limited liability company. *Id.* ¶ 16.  Luminastra LLC is an Illinois limited liability company. *Id.* ¶ 17.

Defendants removed this case to federal court on April 22, 2024. DE 1.  On May 7, Defendants filed the instant Motion to Dismiss. DE 18.  Plaintiffs filed a Response on June 4, and Defendants filed a Reply on June 26. *See* DE 25; DE 37.

2

## II.     LEGAL STANDARD

Under the common law doctrine of *forum non conveniens*, "a district court may decline to exercise its jurisdiction when a foreign forum is better suited to adjudicate the dispute." *Fresh Results, LLC v. ASF Holland, B.V.*, 921 F.3d 1043, 1048 (11th Cir. 2019).  The burden is on the defendant to establish that: "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his [or her] suit in the alternative forum without undue inconvenience or prejudice." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011) (quoting *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310–11 (11th Cir. 2001)).  Courts must consider private interests, including "the parties' relative ease of access to sources of proof, access to witnesses, ability to compel testimony, the possibility of viewing the premises, and the enforceability of a judgment." *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1338 (11th Cir. 2020).  Public interest factors include "a sovereign's interests in deciding the dispute, the administrative burdens posed by trial, and the need to apply foreign law." *Id.* "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  However, "th[is] presumption applies with less force when the plaintiff or real parties in interest are foreign." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).

## III.     ANALYSIS

The Court first considers the *forum non conveniens* query before turning to personal jurisdiction and failure to state a claim.

### A.     *Forum Non Conveniens*

The Court addresses the three prongs of *forum non conveniens* analysis in turn: (1) whether

3

an adequate and available forum exists; (2) whether private interest and public interest factors weigh in interest of dismissal; and (3) whether Plaintiffs would be inconvenienced or prejudiced by reinstating the action in the alternative forums.

      i.      Adequate and Available Alternative Forum

The first step of a court's *forum non conveniens* analysis is to determine whether an adequate alternative forum is available. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011). Here, Defendants argue that the Bahamas and Nevis are adequate and available forums. DE 18 at 5. Plaintiffs "do not contest that there exists an adequate alternative forum." DE 25 at 3. Therefore, for the reasons set forth by Defendants in their Motion, the Court determines that the Bahamas and Nevis constitute adequate and available forums for the purpose of a *forum non conveniens* analysis.

      ii.      Private and Public Interest Factors

Next, the Court turns to the private and public interest factors at issue. First, private interests include "the parties' relative ease of access to sources of proof, access to witnesses, ability to compel testimony, the possibility of viewing the premises, and the enforceability of a judgment." *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1338 (11th Cir. 2020). The Eleventh Circuit has noted that access to evidence is "[p]erhaps the most important 'private interest' of the litigants." *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003). The Court's analysis must begin with a plaintiff's causes of action to determine the evidence required and the likely location of that evidence. *Id.*

Here, Plaintiffs allege fraud and civil conspiracy. Evidence for fraud and fraudulent inducement likely includes: (1) communications by the parties; (2) financial information; and (3)

4

testimony of witnesses. In most cases, electronic discovery makes the physical location of documents and other types of proof "virtually irrelevant." *Ritter v. Metropolitan Cas. Ins. Co.*, No. 4:19-CV-10105-KMM, 2019 WL 8014511, at *4 (S.D. Fla. Dec. 3, 2019). So too here. However, Defendant contends that twenty-three total witnesses, including over a dozen primary witnesses, reside in the Bahamas and that at least ten key witnesses reside in Nevis. DE 23. Plaintiffs state that "most of those" witnesses are employees of Plaintiff McPike or employees of entities affiliated with McPike, and Plaintiffs "commit to make themselves, corporate representatives, and current employees available for discovery . . . and trial." DE 25 at 6-7. Defendants respond that there remains no dispute that witnesses in the Bahamas are beyond compulsory process and that only two of the thirteen primary witnesses in the Bahamas are assuredly current employees of Plaintiffs—Plaintiff McPike himself and Plaintiff JTC's corporate representative. DE 37 at 4-5. The Court is persuaded by the Defendants' argument. As a significant number of witnesses are outside the compulsory process of this Court, the private interest factors of access to proof, including witnesses, and ability to compel testimony weigh heavily in favor of Defendants.

Plaintiffs make one other argument with respect to private interests: that Defendants have not identified the location of their assets and therefore have not demonstrated that a judgment from the Bahamas or Nevis would be effective to reach those assets and satisfy a judgment against them. DE 25 at 9. However, Defendants have identified bank accounts in the United States, and both individual Defendants have identified the states in which they live and work, as both are current United States residents. DE 37 at 6. Furthermore, the cases Plaintiffs cite for their argument stand for the proposition that enforceability is at issue where the Court does not know in which *country*

a defendant's assets are located.[1]  Therefore, the Court is not swayed either way by this factor.

The Court moves to the public interest factors, which include "a sovereign's interests in deciding the dispute, the administrative burdens posed by trial, and the need to apply foreign law." *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1338 (11th Cir. 2020).  The parties argue only as to the first and third factors.

First, Defendants argue that the Bahamas have an interest in deciding an alleged fraud claim by one of its citizens, especially as it is "where McPike's and Mart's relationship was formed (and continued for three decades), where the agreements at issue were negotiated, where many of the services Mart provided were performed, where much of the software and hardware technologies were developed, and the place where McPike's payments were made or initiated." DE 18 at 9.  Indeed, "[a] sovereign has a very strong interest when its citizens are allegedly victims and the injury occurs on home soil." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1104 (11th Cir. 2004).  Defendant also argues that Nevis has a strong interest, as it is "where McPike's option was to be exercised and performed," and the Complaint "is premised on Plaintiffs' alleged entitlement of shares in a Nevis company under the Call Option Agreement." *Id.*  Plaintiff responds that the United States has an interest in this case, as (1) all funds involved were sent to the United States; (2) Defendant Boies signed the Call Option Agreement in the United States, and the corporate Defendants were located in the United States; and (3) Plaintiffs' investments were used to fund substantial physical operations involving the use of real estate and equipment in the United States. DE 25 at 10.  Defendant concedes that funds

---

[1] *See, e.g.*, *Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368, 375 (5th Cir. 1992) (finding that "the district court was unreasonable in weighing this factor in favor of" dismissal when the "record does not establish" whether the defendant's assets were in the Netherlands, as the district court had assumed).

were sent to the United States, but notes that that occurred after the alleged inducement, negotiating, and drafting of the Call Option Agreement in the Bahamas. DE 37 at 6. Furthermore, Defendant Boeis' signature was given on behalf of "Luminastra Ltd., a Nevis corporation." *Id.* The Court therefore finds that this factor weighs in favor of dismissal, as Bahamian and Nevis interests in this case outweigh the United States.

Second, Defendant argues that the Call Option Agreement at the heart of this case is governed by St. Kitts and Nevis law. DE 18 at 9. In cases with foreign plaintiffs, the application of foreign law "is a very important factor." *Ford v. Brown*, 319 F. 3d 1302, 1310 (11th Cir. 2003). Furthermore, the Call Option Agreement at issue applies to "all matters arising out of or relating to this Call Option, whether sounding in contract, tort, or statute." DE 37 at 7; DE 1-3 at 4. Therefore, the Court determines this factor also weighs in favor of dismissal, and that the private and public factors, taken together, weigh heavily in favor of dismissal. This case is dismissed to be brought in the Bahamas or Nevis.

  B.  *Personal Jurisdiction and Failure to State a Claim*

As the Court has resolved the Motion on the basis of *forum non conveniens*, it need not reach Defendant's arguments as to personal jurisdiction and failure to state a claim.

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, [DE 18], is **GRANTED** as more fully set forth in this Order.

2. This case is **DISMISSED** to be brought in the Bahamas or Nevis.

3. The Clerk of Court is directed to **CLOSE THIS CASE**.

4. All deadlines are **TERMINATED**, and all motions are **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of July, 2024.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record